UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORDAN WADE | CIVIL ACTION |
| VERSUS | NO. 15-5689 |
| BAYWATER DRILLING, LLC;<br>TANA EXPLORATION, LLC; AND<br>PREMIERE, INC. | SECTION "S" (2) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jordan Wade's motion under Rule 56(d) of the Federal Rules of Civil Procedure (Doc. #64) to stay Premiere, Inc.'s Motion for Summary Judgment as to Jordan Wade's Seaman Status (Doc. #63) is **GRANTED**, and decision on Permiere's motion for summary judgment is **STAYED**. Premiere's motion for summary judgment will be resubmitted for consideration on May 17, 2017.

BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendant, Premiere, Inc., regarding plaintiff's seaman status. Premiere argues that plaintiff, Jordan Wade, is not a Jones Act seaman because he did not spend sufficient time in the service of a vessel or an identifiable fleet of vessels while employed at Premiere. It is also before the court on Wade's motion under Rule 56(d) of the Federal Rules of Civil Procedure to stay Premiere's motion for summary judgment. Wade argues that further discovery is required for him to adequately oppose Premiere's motion.

In 2014, Premiere hired Wade as a floorhand for casing crews in Premier's in-land shop in New Iberia, Louisiana. After a few months, Wade was transferred to Premiere's in-land shop in Midland, Texas, where he worked as a tong operator in the shop and in the field. In July 2015, Wade returned to Premiere's New Iberia, Louisiana shop. Wade contends that he was fired from

the Midland, Texas shop and re-hired in New Iberia.  Premiere, on the other hand, contends that Wade was not fired, but rather transferred when the Midland, Texas shop closed. At the New Iberia shop, Wade was assigned to a casing crew that performed work aboard the ATCHAFALAYA, a drilling barge owned by Baywater Drilling, LLC and operated by Tana Exploration, LLC pursuant to a Master Service Agreement between Premiere and Tana.

On July 17, 2015, Wade was injured while he was working as a floorhand on a Premiere casing crew aboard the ATCHAFALAYA. Wade filed this action against Premiere, Baywater and Tana seeking damages for injuries he sustained in the July 17, 2015, accident.

Wade alleges that he was a Jones Act seaman.  Premiere filed the instant motion for summary judgment arguing that Wade is not a Jones Act seaman because he cannot satisfy the Chandris test for seaman status.[1] Premiere argues that Wade cannot demonstrate that he has a substantial connection to a vessel or an identifiable fleet of vessels in navigation because his personnel files show that he spent about 2.35% of his total time working at Premiere on vessels.

Wade argues that the court should not consider his entire term of employment at Premiere, but only his employment at Premiere from July 1, 2015, when he contends he was re-hired after allegedly being fired in June 2015.  Wade contends that from July 1, 2015, to July 17, 2015, he spent approximately 75% of his time working aboard the ATCHAFALAYA, and that he had been permanently reassigned to work on the ATCHAFALAYA.  Wade argues that he cannot adequately

---

[1] In Chandris, Inc. v. Latsis, 115 S.Ct. 2172, 2189-90 (1995), the Supreme Court of the United States established a two-prong test for determining whether a maritime employee is a seaman under the Jones Act. First, the employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission." Id. Second, the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." Id.  In determining whether an employee has a substantial connection to a vessel or an identifiable fleet of vessels under common ownership in navigation, the Supreme Court of the United States has adopted the position taken by the United States Court of Appeals for the Fifth Circuit that "[a] worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." Chandris, 115 S.Ct. at 2191.

oppose Premiere's motion for summary judgment because he needs to depose Joseph Duplechin, a Premiere employee, and Premiere's corporate representative to solicit information regarding whether he was fired and re-hired or transferred, and also whether he would have continued to work aboard the ATCHAFALAYA if he had not been injured.

## ANALYSIS

In his opposition to Premiere's motion for summary judgment, Wade argues that more discovery is necessary for him to adequately oppose the motion. Specifically, Wade states that Premiere's motion for summary judgment should be deferred or denied under Rule 56(d) of the Federal Rules of Civil Procedure to allow him to obtain the deposition testimony of Duplechin and Premiere's corporate representative. Wade contends that these individuals have information that is pertinent to his relationship to the vessel, and ultimately, his status as a Jones Act seaman.

Rule 56(d), formerly Rule 56(f), provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Because Rule 56(d) is "designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose,'" motions for discovery made under this rule are "'broadly favored and should be liberally granted.'" Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)).

3

"Technical, rigid scrutiny of a [Rule 56(d)] motion is inappropriate." Union City Barge Line v. Union Carbide Corp., 823 F.2d 129, 136 (5th Cir. 1984).

To obtain relief under Rule 56(d), the party opposing the summary judgment, "may not simply rely on vague assertions that additional discovery will produced needed, but unspecified facts." SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980). Instead, the Rule 56(d) motion must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" Raby, 600 F.3d at 561 (quoting C.B. Trucking, Inc. v. Waste Mgmt. Inc., 137 F.3d 41, 44 (1st Cir. 1998)). Further, a Rule 56(d) motion may be denied if a party had the opportunity to conduct discovery but did not diligently pursue it. Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

Wade filed the affidavit of Noah Wexler, one of his attorneys, with his opposition memorandum that included the Rule 56(d) motion. Wexler states that the depositions of Duplechin and Permiere's corporate representative are necessary to adequately oppose the motion for summary judgment. Premiere argues that the depositions are unnecessary because Wade's personnel file speaks for itself with respect to the amount of time Wade spent working on vessels, and thus, ultimately, Wade's seaman status. Although the documents provide information relevant to Wade's work assignments and seaman status, Wade has not had the opportunity to question Premiere about these records. The discovery deadline is May 8, 2017. It is reasonable to permit Wade the opportunity to conduct the requested deposition. Therefore, Wade's Rule 56(d) motion is GRANTED, and decision on Premiere's motion for summary judgment is STAYED. The motion will be resubmitted on May 17, 2017, which will permit Wade ample opportunity to

conduct the depositions of Duplechin and Premiere's corporate representative and submit relevant information to the court.

## CONCLUSION

**IT IS HEREBY ORDERED** that Jordan Wade's motion under Rule 56(d) of the Federal Rules of Civil Procedure (Doc. #64) to stay Premiere, Inc.'s Motion for Summary Judgment as to Jordan Wade's Seaman Status (Doc. #63) is **GRANTED**, and decision on Permiere's motion for summary judgment is **STAYED**. Premiere's motion for summary judgment will be resubmitted for consideration on May 17, 2017.

New Orleans, Louisiana, this  15th  day of March, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

5